IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

KWAN DESHAUN ENGRAM,
ADC #116023                                                                                                    PLAINTIFF

v.                                               5:08CV00093SWW/HLJ

LARRY NORRIS, et al.                                                                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the

> hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

Plaintiff, a state inmate incarcerated at the Delta Regional Unit of the Arkansas Department of Correction (ADC), seeks relief in this action filed pursuant to 42 U.S.C. § 1983. Plaintiff states in his complaint that defendants are refusing to abide by ADC policies, and are miscalculating his sentences for aggravated robbery and second-degree murder. Plaintiff states that his robbery sentence is his "controlling" sentence, for which he is to serve 70 percent, and defendants are improperly showing in their records that the murder sentence (for which he is to serve 50 percent) is his "controlling" sentence. Plaintiff asks for injunctive relief in the form of an order to the ADC to abide by its consecutive sentencing policies and to correctly record plaintiff's time served as applying toward his aggravated robbery offense.

Pursuant to 28 U.S.C. §§ 1915A(a) and 1915A(b)(1),(2), the Court is required to screen complaints seeking relief against an officer or employee of a governmental entity, and must dismiss a complaint if the claims raised are legally frivolous, malicious, fail to state a claim or seek monetary relief from a defendant immune from such relief. A complaint or portion thereof should only be

dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).  Furthermore, pro se complaints must be held "to less stringent standards than formal pleadings drafted by lawyers," 404 U.S. 519, 520-21 (1972), and each allegation must be accepted as true.  See Murphy v. Lancaster, 960 F.2d 746, 748 (8th Cir. 1992).  However, broad conclusory allegations, even in a pro se complaint, are insufficient to state a claim under 42 U.S.C. § 1983.  Grady v. Wilken, 735 F.2d 303, 305 (8th Cir. 1984).  A well-pleaded complaint must contain something more than mere conclusory statements that are unsupported by specific facts.  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).  An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. V. Twombly, 127 S.Ct. 1955, 1974 (2007).

  Having reviewed plaintiff's complaint, the Court finds that it must be dismissed for failure to state a claim.   In order to state a claim for relief under § 1983, one must allege that a person acting under the color of state law deprived the plaintiff of some Constitutional right.  Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993).  However, it appears plaintiff is challenging the length or duration of his confinement, and if successful, would be entitled to an earlier release from prison.  This relief is only available through a petition for writ of habeas corpus after first exhausting state remedies.  See Wilson v. Lockhart, 949 F.2d 1051 (8th Cir. 1991).  Plaintiff does not indicate in his complaint that such state remedies have been pursued.

  In addition, it also appears to this Court that plaintiff is challenging the ADC's application

3

of the "seventy percent rule", which requires him to serve 70 percent of one of his sentences before becoming eligible for parole. See Ark. Code Ann. § 16-93-611 (1999). Application of this Rule to his sentence, however, is a matter of state law and does not involve the deprivation of a constitutional right. Therefore, the Court finds that plaintiff's complaint should be dismissed for failure to state a claim.[1] Accordingly,

IT IS, THEREFORE, ORDERED that pursuant to 28 U.S.C. §1915A(b)(1), Plaintiff's complaint against defendants is hereby DISMISSED.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal taken from an Order and Judgment dismissing this action is considered frivolous and not in good faith.

IT IS SO ORDERED this 29th day of April, 2008.

*Henry L. Jones, Jr.*
United States Magistrate Judge

---

[1] Any allegation that the ADC failed to abide by its policies also does not state a claim, because the mere violation of state law or rule/policy does not constitute a federal due process violation. See Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1993).